## JUNE TERM, 1875.

GULICK and others, appellants, and GULICK's EXECUTORS, respondents.

1. A bequest of the income of personalty, without limit as to time, is equivalent to a gift of the principal.

2. Where an absolute gift is made in the first instance, followed by a limitation over on the death of the first taker, the absolute gift is not defeated, unless the gift over takes effect.

3. Though, by the application of such rule in this case, had the first taker died childless, her husband would have taken the gift absolutely as her administrator, notwithstanding testator's direction that the fund was not to be subject to the control of her husband, the rule must still govern, where the guard against the husband's interference was only an incident to the accomplishment of testator's purpose to preserve the interest of the fund, and to keep the body of the bequest intact to meet the limitation over.

4. Though a will must be construed as an entirety, yet the legal construction of one section cannot be controlled by guesses as to the intent of the testator, arising from the disposition of his property in the remaining sections.

Appeal from a decree of the Court of Chancery. The opinion of the Chancellor is reported in 10 *C. E. Green* 324.

*Mr. James Wilson*, for appellants.

*Mr. Barker Gummere*, for respondents.

The opinion of the court was delivered by
REED, J.

This is an appeal from a decree of the Chancellor on a bill filed for a construction of the will of William Gulick, deceased, relative to a bequest of $10,000 to Abby Maria, his child. Upon the death of Abby Maria, a question arises concerning the direction of the bequest. Her executors claim that she had an absolute interest in it, and on her death it comes to them as her representative. The appellants, however, insist that she had only a life interest, and on her death it fell into the residuum of William Gulick's estate.

The body of the will is set out in the opinion of the Chancellor. The fifth section is as follows : " I give and bequeath to my daughter, Abby Maria, the sum of $10,000, to be placed out at interest, on bond and mortgage, so soon as my estate can be collected without sacrifice ; the bonds and mortgages to be taken in the names of my executors, or the survivor of them, in trust for my said daughter, Abby Maria, and the interest to be paid annually to her by my said executors, or the survivor of them, for her sole and separate use, and in no wise liable for the debts, or subject to the control of any man she may marry ; should she marry and have a child or children, then, after her death, I give the said $10,000 to such child or children." She died, having never married. The testator, it is perceived, first provides for a gift of the fund itself, and then the method of its enjoyment by the legatee. The last is equivalent to a gift of the interest of the fund. It is perceived also, that until we meet the words " should she marry and have a child," &c., there is no limitation, express or implied, of the time of enjoyment of this

interest. The rule is well established that a bequest of the ·income of personalty, without limit as to time, is equivalent to a gift of the principal. *Craft* v. *Ex'rs of Snook*, 2 *Beas*, 122, and cases cited. And the rule applies whether given directly or through intervention of trustees. *Haig* v. *Swiney*, 1 *Sim. & Stu*. 487. This absolute bequest was subject to the concluding clause of the section, " should she marry and have a child or children, then, after her death, I give the said $10,000 to such child or children." The legatee never married. The event, upon the happening of which the interest was limited over, never occurred. The rule, therefore, governs that where an absolute gift is made in the first instance, followed by a limitation over on the death of the first taker, the absolute gift is not defeated, unless the gift over takes effect. *Harrison* v. *Forman*, 5 *Vesey* 207 ; *Jones Ex'rs* v. *Stiles*, 4 *C. E. Green* 325. The following are some of the cases where this rule has been applied to similar bequests : *Whittell* v. *Dudin*, 2 *Jac. & W.* 279 ; *Mayers* v. *Townsend*, 3 *Beav.* 443 ; *Hulme* v. *Hulme*, 9 *Sim.* 644 ; *Campbell* v. *Brownrigg*, 1 *Phill.* 301 ; *Jackson* v. *Noble*, 2 *Keen* 590 ; *Alston* v. *Davis*, 2 *Head (Tenn.)* 266.

Construing this section as an absolute bequest, limited over upon the happening of an event which has failed, the executor of Abby Maria is entitled to the fund. But it is insisted that this construction is inconsistent with the intention of the testator. It is said that by this construction, had Abby Maria died childless, leaving a husband, he would have taken this bequest absolutely, as her administrator. It is therefore urged that inasmuch as the testator preserved the fund from any control of a husband during the life of the legatee, he could not have intended that the fund should reach a husband in any event.

I think it is obvious that the object of the entire trust was to preserve the interest of the fund to the legatee during her life, and, further, to keep the body of the bequest intact, to meet the limitation over. The vesting of the fund in the executors, and the guards against the husband's interference,

were only incidents to the accomplishment of this purpose. When the legatee died, and the limitation over failed, the object of the trust was served, and the reason for the guards against the husband's control ceased. In Whittell *v.* Dudin, and other cases already cited, almost identical words were used, and it was not contended that they modified the absolute character of the bequest. It is also noticeable that the share of Abby Maria in the residuum would take the same course upon her death, yet no effort is made by the testator to prevent that result.

The appellants further insist that the intent of the testator, gathered from the entire will, was the equal distribution of his estate, and that such intent is defeated by this construction. It is clear, however, that the testator nowhere expresses such an intent. Nor is it to be absolutely implied. It does not appear that the devises to William A. and Alexander are equal to each other, or to the several bequests to the daughters. While we must construe the will as an entirety, yet we cannot control the legal construction of one section by guesses as to the intent of the testator, arising from the disposition of his property in the remaining sections. The principle is stated in *Roper on Leg., Vol. II., p.* 1462. See also, *Hayes' Ex'r* v. *Hayes,* 6 *C. E. Green* 267.

Even if such intent was clearly expressed, it is not clear but that the testator's idea of accomplishing that result is effected better by this than any other construction.

I think there is nothing in the context to alter this construction of the section, and that the decree of the Chancellor should be affirmed.

Decree unanimously affirmed.