JACOB A. FEIT

*v.*

ANNA M. RICHARDS et al.

[Filed December 28th, 1902.]

A father, by will, devised to his son and three daughters separate tracts of land. The devise to the son was by name and without words of perpetuity or inheritance.—*Held*, (1) that under the provisions of the act entitled "An act to pass estates in fee-simple by certain devises in wills and testaments and to limit estates in tail," passed August 27th, 1784 (*Gen. Stat. p. 3763*), the son took an absolute estate in fee-simple in the lands devised, unless the will disclosed an intent to convey only an estate for life, or contained a devise over upon his death; (2) a provision that in case his son died without issue, his wife, Lydia, should not have any interest in the lands devised to the son, does not disclose an intent to pass to him only an estate for life. The will further provided that none of the real estate devised to his children should be sold by any of them without first obtaining a full written consent of all the children or the remainder of them.—*Held, further*, (3) *a*, that if that provision is to be construed as imposing an unlimited restraint upon alienation, it is void as repugnant to the estate devised, and *b*, that if construed as imposing a partial restraint upon alienation, limited to the period of the life of the last surviving sister, in the absence of a devise over, or a declaration of a forfeiture of the son's estate in case of sale without consent, the devise to him must be held to pass to him an absolute estate in fee-simple.

*Mr. Irwin W. Schultz,* for the complainant.

MAGIE, CHANCELLOR.

The bill in this cause is filed under the provisions of the act entitled "An act to compel the determination of claims to real estate in certain cases and to quiet the title to the same," approved March 2d, 1870. *Gen. Stat. p. 3486.*

It discloses that the complainant is in possession of a certain farm and buildings thereon, claiming to be the owner thereof under the provisions of the will of his father, John Feit, deceased, who died March 3d, 1892. The defendants are two of

the sisters of complainant, and the husband and three children of a deceased sister; of these children, one is of age, the others are minors. All the adult defendants have failed to appear or answer the charges of the bill, and a decree *pro confesso* has been made against them. Upon their default, the court is bound by the provisions of section 3 of the act above cited, without further proof, to decree that they have no estate or interest in or any encumbrance upon, the lands described in the bill, or any part thereof.

The infant defendants, however, having been brought into the suit, a guardian *ad litem* was appointed, who has filed a formal answer. No demand has been made by any party for an issue at law. Testimony has, however, been taken by the complainant under an order for proofs to support the allegations of his bill. It appears thereby that the adult defendants, or some of them, have claimed that the title of complainant to the lands in question is not a title in fee-simple.

As all claims on the part of the adult defendants will be disposed of by the decree which the act requires the court to make upon their default, it at first appeared questionable whether the court should pronounce a decree with respect to the infant defendants. But, upon reflection, it has seemed to me that a case within the act has been made out. While the infant defendants are not shown to have denied or disputed complainant's title, it is apparent that the claim of the adult defendants was that, by the will in question, a fee-simple in the lands did not pass to complainant, but only some less estate, so that an interest therein was not disposed of by the will, but descended to the heirs-at-law—an interest which would be shared by the defendants. It can therefore be said that they are persons who are claimed to own an interest in said lands. Although the act gives to the infants the right to open the decree at any time within two years after they become of age, I think it requires a decree to be made, if the interest which the infants are claimed to own does not, in fact, exist.

John Feit, the deceased, died leaving a will which bore date the 5th day of November, 1885, and a codicil thereto which bore

date the 9th day of March, 1888. Both the will and codicil were duly admitted to probate in the county of Warren, in which testator resided, on March 22d, 1892.

As the defendants have not appeared by counsel and made known the precise grounds upon which it has been claimed that the complainant has not a title in fee-simple to the lands in question, I have been obliged to rely upon the conjectures suggested by the brief filed in behalf of complainant and those which have arisen from my own examinations of the will under which complainant claims title.

By the fourth section of the will of John Feit, deceased, father of complainant, testator devised to his son, Jacob Alfred Feit, the complainant, the lands in question. The devise is to him by name, but without words of perpetuity or inheritance. The words "heirs and assigns," or "heirs and assigns forever," formerly deemed necessary to pass a fee-simple, are omitted from this devise. The case therefore falls within the provisions of the act entitled "An act to pass estates in fee-simple by certain devises in wills and testaments and to limit estates in tail," passed August 26th, 1784. *Gen. Stat. p. 3763.* It is not open to doubt that under that legislation the devise in question has passed to complainant the absolute estate in fee-simple in the lands devised, unless there are found expressions in the will which disclose that the devise was intended to convey only an estate for life, or there is contained in the will a further devise of the premises after the decease of the complainant. *Den* v. *Snitcher, 2 Gr. 53; Bolton* v. *Bowne, 3 Harr. 210; Hance* v. *West, 3 Vr. 233.*

A careful examination of the will has disclosed only two portions, the language of which is adapted to raise any question as to the title of the complainant to the lands devised by the fourth section of said will.

The first portion is that contained in the last clause of the fourth section, which is in these words:

"In case my son, Jacob Alfred Feit, should die without issue, then and in such case his wife, Lydia, shall not have an interest in any portion of real estate herein bequeathed to my son, Jacob Alfred Feit."

The suggestion is that the intent of the testator is thereby disclosed to be that the lands should not pass under the devise if complainant shall die without issue. In that case they would descend to the other children of testator. But this is a wholly inadmissible construction of the clause. Its plain intent is to prevent the wife of his son, in case his son died without issue, from having a right of dower in the lands. Since dower and curtesy are incidents of estates in fee-simple, it may well be doubted whether this clause would be effective in preventing the dower of complainant's widow from attaching to the lands. *Mullany* v. *Mullany, 3 Gr. Ch. 16; 2 Jarm. Wills (R. & T. ed.) 528.*

But this question is not involved in the present inquiry. Complainant's wife is not a party to this suit, and the complainant is still living. But the clause in question is plainly limited to an attempt to bar the son's widow from an interest in the real estate which it admits is devised to the son, in case of the event mentioned happening. It has no other or greater effect upon the title. The purpose being thus expressed, there is no ground for an implication of a purpose to limit the estate of complainant to the period of his life.

The only other portion of the will which suggests a question as to the quantity of the estate devised to complainant is that contained in the ninth section of the will, which reads as follows:

"It is my will that none of the real estate shall be sold by any of my children, that I have herein devised to them, without first obtaining a full written consent of all the children or the remainder of them."

This clause is evidently intended to impose a restraint upon the alienation by sale of any of the lands devised by the will to any of his children, and it consequently affects the lands in question if it is a valid restraint.

Since the power of alienation is a necessary and inseparable incident to an estate in fee-simple, a condition annexed to a devise of such an estate, that the devisee shall not alien the lands devised, has always been held to be void, as repugnant to the nature of the estate. *2 Jarm. Wills (R. & T. ed.) 528;*

*Trumbull* v. *Gibbons, 2 Zab. 155; Cornelius* v. *Ivins, 2 Dutch. 376; Bac. Abr. tit. "Conditions" (L.); 13 Am. & Eng. Encycl. L. (1st ed.) 794.*

If, therefore, the clause now under consideration is properly construed as forbidding any alienation by complainant not consented to by his sisters or by those who represent them, it is a condition wholly void and of no effect upon the estate devised to complainant. But such is not a permissible construction of its language. The consent of all the sisters is not required, but only of such as remain. This admits of no other meaning than those who survive. The consent of the survivors or survivor of the three sisters is all that is contemplated by the testator. It follows, I think, that on the death of the last surviving sister the attempted restraint ceases, and the power to alien would be unrestrained.

While an absolute restraint upon such alienation will be of no effect on the estate devised, it may be otherwise in respect to a restraint which is limited or partial. The subject was discussed by Sir G. Jessel, master of rolls, in *In re Macleay, L. R. 20 Eq. Cas. 186,* and he indicated the various modes in which a partial restraint upon alienation could be imposed on a devise of lands. He makes it clear, I think, that upon reason and authority, a restraint limited to a reasonable period of time will not be void. If it were necessary to decide the question thus suggested, I should be inclined to the conclusion that the intended restraint on alienation in this case is not an absolute restraint, but one limited to a period of time, viz., the life of the longest liver of complainant's sisters, and that during that period, complainant is restrained from selling without the consent of the sisters then surviving.

But the question is not necessarily involved. If the ninth section imposes an absolute restraint upon alienation it is absolutely void, and complainant's devise is a fee-simple absolute. If, however, the condition imposed is of a restraint partial and limited and therefore not void, but effective upon complainant's right to sell, the clause so construed does not indicate any intent to otherwise diminish the estate devised to complainant.

There is no devise over in case complainant should sell without the required consent. There is no declaration that complainant, by such a 'sale, would forfeit the estate devised to him. At the most the sale would be ineffective to pass complainant's title without the consent required. Whether it would do so or not would be a question between complainant and his grantee. Neither his sisters nor the representatives of any of them would have any right to contest such a sale.

In both aspects of this case, it appears ·that complainant acquired, by the devise of his father, an estate in fee-simple in the lands in question, and that the defendants have no estate or interest therein. Complainant is entitled to a decree to that effect.