## Leo M. Morris

*v.*

## Catherine A. Le Bel et al.

[Decided March 27th, 1906.]

1. The act "to pass estates in fee by certain devises in wills and testaments and to limit estates in tail," passed August 27th, 1784 (*3 Gen. Stat. p. 3763*), was not designed to prevent a testator from devising an estate for life in lands, either by express words or by necessary implication, unless he also made a further devise of such lands after the decease of the devisee for life. The legislative intent was to compel the construction of devises which omitted the words "heirs and assigns" as passing an estate in fee except in two cases—*first*, where the will contained expressions from which it appeared that the devise was intended only to convey an estate for life; and *second*, when testator made no further devise after the death of the first devisee. Although the act connects the description of these two classes of cases by the conjunction "and," the plain intent requires "and" to be read as "or," and the statutory construction cannot be made if either case appears.

2. A devise of lands to A. upon condition that he should not encumber it nor have the power to sell it, but should have the power to devise it by his last will and testament—*Held,* to exhibit an intent to convey only an estate for life.

On final hearing on bill and answer.

*Mr. John H. Reynolds,* for the complainant.

*Mr. Daniel L. Campbell,* for the defendants.

MAGIE, CHANCELLOR.

Complainant's bill is filed under the act entitled "An act to compel the determination of claims to real estate in certain cases and to quiet the title to the same." *3 Gen. Stat. p. 3486.* The relief he seeks relates to certain houses and lots in the city of Paterson, of which he claims to be the owner in fee-simple, under the provisions of the last will and testament of his grandfather, Michael Morris, senior. The bill states facts in respect to complainant's peaceable possession; the denial of his title by defendants, and the non-pendency of any suit to test the validity of complainant's claim, sufficient to give this court jurisdiction under the act.

The defendants have filed a joint and several answer admitting the jurisdictional facts, and specifying and setting forth in the manner required by the act their claim to said houses and lots, which is that, under the true construction of the will of Michael Morris, senior, complainant did not acquire a title in fee, but only an estate for life, with a limited power to dispose thereof by will, and that if complainant should die without disposing of the same by will, defendants would have an interest in said lands, either under the provisions of said will or as heirs-at-law of the testator.

The cause has been brought to hearing on bill and answer, and the question presented involves the construction of certain parts of said will.

Whenever the equitable relief sought in an action involves the construction of a testamentary instrument, this court will

construe the same so far as requisite to that relief. *Hoagland v. Cooper, 65 N. J. Eq. (20 Dick.) 407.* In suits under the Quiet Title act, such construction may be necessary. *Feit v. Richardson, 64 N. J. Eq. (19 Dick.) 16.*

There are two clauses in the will which must be considered and construed. The first is clause 19, which is in these words:

"*Nineteenth.* I give and devise to my grandson, Leo Michael Morris, two houses and one lot of land, situate at number one hundred and thirty-six Water street, Paterson, New Jersey; I give and devise to my granddaughter, Josie Morris, a house and lot of land situate at number twenty-six Marshall street, Paterson, New Jersey, and two houses and one lot of land situate at number twenty-one Marshall street, Paterson, New Jersey; I give and devise to my granddaughter, Annie Morris, two houses and two lots of land, situate on North Straight street, Paterson, New Jersey, upon the following condition, that is to say, that they are in no way to encumber the said houses and lots of land, nor shall they have the power to sell any of them, but they shall have the power to devise the said houses and lots of land in their last will and testaments to anyone they may choose, and I do further order that the rents, issues and profits of all of the said houses shall be paid to my wife, Anistatia Morris, during her life, after deducting the amount paid for taxes, insurance, water rents and such repairs as are necessary to keep the said buildings in proper repair."

Complainant is the Leo Michael Morris therein named. The widow of testator, to whom the rents were directed to be paid · for life, has died.

The other clause is No. 22. By it the testator devised another house and lot to his son, Michael J. Morris, for life, and on his death (he is now dead), to the complainant, then adding these words: "But he shall not encumber the same or sell it, but he may, in his last will and testament, devise the said property to anyone he may choose."

The clauses are substantially alike. In each, so far as complainant is concerned, the devises are to him by name, without the addition of the words "heirs and assigns" or "heirs and assigns forever," anciently thought to be necessary to the passing of a title in fee-simple. In clause 19 testator attempts a limitation or prohibition against encumbering the property devised, and adds thereto the declaration that the devisee should not have power to sell the same, but should have power to devise by

will. The supposed restriction in clause 22 is less extended, but it is substantially the same.

Since the passage of the act entitled "An act to pass estates in fee by certain devises in wills and testaments, and to limit estates in tail," passed August 27th, 1784 *(3 Gen. Slat. p. 3763)*, a devise which omits the words "heirs and assigns" or "heirs and assigns forever" must be construed and adjudged in all courts to pass an estate in fee-simple to the devisees, unless there are expressions contained in the will whereby it appears that the devise was intended to convey only an estate for life, and no further devise be made of the devised premises after the decease of the first devisee.

The devise to complainant must be so construed, unless the will discloses a situation which forbids the application of the act.

It must be conceded that there is contained in the will no express devise over, after the death of the complainant, of any of the land devised to him. The contention of defendants is that the estate therein which would remain undisposed of by the devise, if complainant should die without exercising the power to devise by will, passes by a clause in the will in the nature of a residuary disposition.

Where a devise of the same land is expressly made, to take effect after the death of the first devisee, it is impossible to doubt that the intent of the testator was to make the interest of the first devisee a mere life estate. Whether a residuary devise which may operate upon estates otherwise undisposed of on the happening of a contingency discloses such an intent on the part of the testator, or falls within the language of this part of the act as a further devise of the devised premises after the decease of the first devisee, may be questioned. But an examination of the whole will leaves it open to serious question whether it contains any devise of the lands devised to complainant, to take effect after complainant's death in case he made no exercise of his power to devise.

Testator was evidently a man of substance, and the owner of many houses and lots and of considerable personal property. By his will he made many legacies. He also devised to many persons houses and lots. All such devises were made with the same

prohibition against sale or encumbrance and with the same per-mission to devise by will as appears in clauses 19 and 22.

By clause 30, testator gave his executors full power to sell "all the residue of my lands." This evidently excluded the lands which had been dealt with in the previous clauses, and seems to indicate testator's belief that they had been wholly disposed of thereby. Then by clause 31, testator ordered that after his executors had disposed of his real estate as directed, and paid legacies and bequests, "the remainder of my property and estate be given and divided among" certain persons named. Complainant and others who had devises with the restrictions under discussion are expressly named in that clause. On the theory of defendants that complainant only acquired an estate for life, with power of disposition by will, I cannot discover any intent of testator that, upon complainant failing to exercise the power given him, the contingent interest should pass by clauses 30 and 31. It could not be sold under the power of sale; it could not be given or divided among the persons named by the executors, and it seems absurd to suppose that the testator intended to give this contingent interest in the lands to the very persons who might, by exercising the power of disposition by will, prevent the happening of the contingency. A very similar state of facts was presented to the supreme court and dealt with by it in *Den v. Snitcher*, *14 N. J. Law* (*2 Gr.*) *53*. On *p. 63* Chief-Justice Hornblower gives his reasons for concluding that such a residuary clause did not justify the conclusion that the testator intended to give, by a previous devise, only a life estate.

If clause 31 did not pass any interest in the lands devised to complainant, and to others upon the same restriction, then, upon defendants' theory, testator died intestate as to each tract so devised, if the first devisee fails to devise the same by his will. This result would, in my judgment, be so antagonistic to the whole scheme of the will, which indicates a clear intent to dispose of all the testator's property, as not to be admissible unless necessary.

Whether defendants would take any interest in these lands if complainant should die without having exercised the power of disposal by will need not be, and ought not to be, determined

unless necessary. Whether necessary depends upon the meaning of the act of 1784, which requires courts to put a specified construction upon testamentary language in all cases except certain described in the act. A devise to A must be construed to be a devise in fee if no expressions in the will show an intent to convey only an estate for life, and "no further devise thereof be made of the devised premises after the decease of the devisee," &c. These descriptions of the situation, in which the construction otherwise required cannot be applied, are connected by the conjunction "and." If thereby the legislative intent is disclosed to prohibit the construction of the words of devise only when the will shows circumstances, viz., expressions indicating an intent to pass only an estate for life and a devise over after the first devisee's death, obviously our duty will require an adjudication as to whether the will before us contains a devise over.

In my judgment, the act was not designed to limit the construction to all cases except those in which both descriptive circumstances appear in the will, but the statutory construction will be prohibited if either circumstance so appear.

The purpose of the act, as described in its preamble, was to cure the evil arising from ignorance, whereby the words "heirs and assigns" were omitted from devises, although the testator intended to grant an absolute estate, &c. There was clearly no purpose to prevent a testator from devising an estate for life, either by express words or by implication from expressions used by him. It seems to me not conceivable that when such an intent appears, the legislative construction, by which such a devise would pass a fee, must be given unless there is a devise over. No reasonable construction can be given to the act, in this respect, unless we read the word "and" as "or," or attribute to it disjunctive and distributive functions. That a fair and rational construction of a statute may require such reading of the word "and" is well settled. *Dwar. Stat. (Potter's ed.) 286; Wilberf. Stat. L. 130,* and cases cited. "Or" may also be given a copulative meaning when used in a statute. *Standard Company* v. *Attorney-General, 46 N. J. Eq. (1 Dick.) 270.*

It remains to discover whether there are expressions in this will showing that the devise in question was intended to convey

to complainant only a life estate. I find such expressions in the conditions annexed to the gift in clause 19, prohibiting complainant from encumbering the lands devised, and declaring that complainant acquired no power to sell them. The same expression occurs in a terser form in clause 22. Such prohibitions, if annexed to a devise of a fee-simple, would be void as a restraint on alienation, inconsistent with the estate created by the devise. The force of these expressions is also emphasized by the following sentence, giving complainant power to devise the lands in question by his will. If the previous prohibitions could be held to be void, and so not indicative of an intent to confer on complainant only a life estate, they surely cannot be given that construction when read with the express grant to complainant of a power to devise. If the devise to him was of a fee, there was no need of a grant of power to devise. Such a grant is consistent only with the theory that the devise to complainant was intended to pass an estate for life only.

It results that complainant has not the title he claims. The defendants concede that he has the title above found in him. It appears that they claim nothing antagonistic to that title.

The bill must be dismissed, with costs to the defendants.