THOMAS R. JENNINGS, appellant,

*v.*

CHARLES E. REED, administrator of the estate of Gilbert C. Ritter, deceased, respondent.

[Decided April 14th, 1909.]

A bequest to S. R. of "rights and benefits" in a certain share of an estate as long as she remained single, was, in effect, a gift of the income thereof, and, being without limit as to time, was equivalent to a gift of the principal. S. R. died without having married, and thus the limitation over to the heirs of the testator's brother in the event of her marriage was defeated, and, she having died possessed of the share, it passed to the legatee named in her will.

On appeal from a decree of distribution made by the Union county orphans court.

*Mr. Carl J. Ahlstedt* and *Mr. Alfred F. Skinner,* for the appellant.

*Mr. Frederick C. Hyer,* for the respondent.

WALKER, VICE-ORDINARY.

Gilbert C. Ritter, deceased, late of the county of Union, left a last will and testament in which, after directing his executors on a division of his father's estate to receive and take charge of his portion thereof, he provided that his funeral expenses and doctor's bills and certain other debts to be paid, and made certain small bequests, and then provided as follows:

"Fourthly: I do give to my brother William all the remainder of my share and portion of my father's estate, the full use and controle of which he shall have during his natural life, meaning thereby that during his natural life he may use and controle the same as if it were his own, either in building, purchasing a house and lot for his own residence, despoiting the same share or portion remaining a Savings bank, Govern-

ment Bond &c &c or on godd sound securities, with this provision never-theless that the same remaining share or portion of my Father's estate is not to be squandered or made away and if his wife Susan should survive him, she shall have rights and benefits as long as she remains single, if she should get married then the said property shall go to the heirs of my brother William forever."

The testator's brother, William, died after him, intestate, leaving his widow, viz., Susan Ritter, who afterwards died leaving a last will and testament, and therein gave all her estate to Thomas R. Jennings, the appellant.

On an application for an order of distribution of the estate of Gilbert C. Ritter, deceased, being made to the orphans court of the county of Union, it became incumbent upon that tribunal to construe the fourth clause of the testator's will above quoted in order to determine to whom distribution should be made, whether to the next of kin of Gilbert C. Ritter, or to the beneficiary under the will of Susan Ritter, the widow of his brother, and that in turn involved the question whether the bequest to the brother's widow was of the *corpus* of the share given to him for his life with remainder to her as long as she remained single, or whether the estate in her in any event was no greater than a life estate, in which case upon her death it would go to the next of kin of her deceased husband, to whom it was given upon the termination of the particular estate.

The orphans court made a decree distributing the *corpus* of the share in question to the next of kin of William Ritter as of the death of Susan Ritter, and excluded the beneficiary under her will, deciding the question involved upon the authority of *Trenton Trust Co. v. Armstrong, 70 N. J. Eq. (4 Robb.) 572,* in which Vice-Chancellor Bergen observed at *p. 575:*

"The next question presented is: Has the testator made any disposition of the *corpus* of his estate? The gift over, as expressed by the testator, is to take effect when all of the three unmarried daughters are married, and it is insisted that the gift of the *corpus* is liable to take effect or to be defeated by the occurrence or non-occurrence of an uncertain event, viz., the marriage, not of one, but of all of these unmarried daughters, and therefore falls within the definition of a conditional legacy, and as one of the daughters died unmarried, the condition upon which

distribution depends can never happen, and that therefore the testator died intestate as to the *corpus.* In my judgment this insistment has not the sanction of the true rules of construction to be applied to a case of this character, and I am of opinion that the testator intended to create, and under well-established rules for the construction of wills did create, an estate for life, which was subject to an earlier termination upon the marriage of all his then unmarried daughters, and that the remainder over takes effect on the determination of the preceding estate, whether by death or marriage, and that although the bequest over is, in terms, made payable upon the marriage of the life tenant, it is to be extended by implication so as to take effect on the determination of that estate whether by death or marriage."

It is to be observed in this connection that the learned vice-chancellor put his decision upon what he conceived to be the intention of the testator, thus giving effect to a cardinal rule for the construction of wills, for he observed in the next paragraph:

"What the testator undoubtedly intended was a provision for his unmarried daughters during their maidenhood, even if that condition continued until their death, and in the event of the destruction of that previous estate, either by marriage or death, then the *corpus* of the fund was to be divided among his living children, which might include these three daughters if the determination of their life estate had been caused by marriage, and also among the issue, *per stirpes,* of any of his children who might have died before the determination of the previous estate."

The appellant relies upon the rule that a bequest of the income of personalty, without limit as to time, is equivalent to a gift of the principal, and he says that the language of the testator in the fourth clause of his will, in which he provides that if his brother William's wife Susan should survive her husband "she shall have rights and benefits," is an unqualified gift of the income, and is, consequently, a gift of the principal. There is also a rule that where an absolute gift is made in the first instance, followed by a limitation over, the absolute gift is not defeated unless the gift over takes effect. These two rules are stated in *Gulick* v. *Gulick, 27 N. J. Eq. (12 C. E. Gr.) 498.*

The appellant contends that as Susan Ritter died without having married she died seized of the *corpus* of the share of the estate given to her husband for life and then over to her, and that, therefore, it passes to the legatee under her will.

The learned judge in the court below held that the gift to Susan of "rights and benefits" meant not only the income but also the *corpus* of the estate. In this view I concur. He then held that the question was controlled by *Trenton Trust Co.* v. *Armstrong,* and he extended by implication the limitation over upon Susan's remarriage to a like limitation upon the happening of her death. From this conclusion I dissent.

In *Traphagen* v. *Levy, 45 N. J. Eq. (18 Stew.) 448,* there was a gift of one-third of the income derived from the testator's real estate to his widow for an indeterminate period of time if she should not remarry, and Chancellor Runyon observed at *p. 453:*

"No other disposition is made of it, or of the undivided third of the principal of the estate which it represents. Her interest, then, is an equitable fee in one-third of the testator's estate, subject to be defeated by her marriage. As she died without having been married, that equitable fee descended to her heirs-at-law."

A gift of income during widowhood is a gift for life or during widowhood, but a gift of income to the legatee so long as she should continue single and unmarried has been held to be an absolute interest, if the legatee did not marry. *Theob. Wills (7th ed.) 480.*

Now, I am of opinion that there was an absolute gift of the share to Susan Ritter, subject to be defeated only in the event of her remarriage, which did not take place, and, consequently, as she died possessed of the property, it passed to the appellant, Thomas R. Jennings, under her will.

The cases of *Gulick* v. *Gulick* and *Traphagen* v. *Levy* are not referred to in *Trenton Trust Co.* v. *Armstrong,* and in resting my conclusions upon the former, I do not consider that I am refusing to give effect to the latter, for, as I have already said, I do not think the latter governs the case under consideration. *Trenton Trust Co.* v. *Armstrong* was decided upon the intention evinced by the testator to make provision for his unmarried

daughters, and does not in any way attempt to override the rules laid down in *Gulick* v. *Gulick* and *Traphagen* v. *Levy.*

*Gulick* v. *Gulick* (both in our court of chancery and court of errors and appeals) was cited with approval by the supreme court of the United States in *Wellford* v. *Snyder, 137 U. S. 521,* in which case (*Wellford* v. *Snyder*) it was held that a gift to daughters with limitation over in case of marriage, was an absolute gift to the daughters, and was unaffected by the limitation as to a daughter who died unmarried.

There was an award of costs and counsel fees to both sides by the orphans court out of the estate. Such award will be made in this court and the amounts fixed upon application.

There will be a decree of reversal and the record will be remitted to the court below for further proceedings in conformity to the views above expressed.