CHARLES O. TICHENOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADA L. HESBACHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ARTHUR L. TICHENOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 78423, 78424, 78425. Promulgated March 3, 1939.

*Chase Morsey, Esq.,* and *John W. Snider, C. P. A.,* for the petitioners.

*Frank B. Schlosser, Esq., F. R. Shearer, Esq.,* and *E. L. Updike, Esq.,* for the respondent.

### OPINION.

OPPER: In these proceedings the respondent determined the following deficiencies in income tax for the year 1931:

| Taxpayer | Docket No. | Deficiency |
|---|---|---|
| Charles O. Tichenor | 78423 | $1,287.65 |
| Ada L. Hesbacher | 78424 | 1,377.45 |
| Arthur H. Tichenor | 78425 | 1,488.37 |

The facts contained in a stipulation filed by the parties are hereby found. The stipulation, filed on October 26, 1938, recites:

1. The facts involved in each of the three cases are identical and the cases may be consolidated for hearing and opinion.

2. The petitioners are children of Isaac N. Tichenor, and are of the following respective ages:

| | |
|---|---|
| Charles O. Tichenor | 44 |
| Ada L. Hesbacher | 49 |
| Arthur H. Tichenor | 54 |

Petitioners are also grandchildren of Charles O. Tichenor, Sr.

3. Charles O. Tichenor, Sr., grandfather of petitioners, died in the City of Keokuk, Iowa, in the year 1886, and left a will and codicil, a copy of which is hereto attached and marked "Exhibit A". The will was probated in Keokuk and the estate administered in Iowa.

4. Isaac N. Tichenor, son of Charles O. Tichenor, Sr., and father of petitioners, died in June, 1928, and left a will, a copy of which is hereto attached and marked "Exhibit B".

5. Prior to his death in 1886, Charles O. Tichenor, Sr., acquired the title to a certain tract or parcel of land located on the corner of Pennington and Mulberry Streets, in the City of Newark, New Jersey. Under the terms of the will of said Charles O. Tichenor, Sr., the west 47' of said property was devised to his daughter, Emma C. Tichenor. The title to the remaining portion of said property was acquired by petitioners, either under the will of their grandfather, Charles O. Tichenor, Sr., or under the will of their father, Isaac N. Tichenor.

6. During the year 1931 the said interest of petitioners in the property was sold by petitioners to the State of New Jersey. The sole question involved is whether, for purposes of determining gain or loss upon such sale, the petitioners acquired their respective interests in the property under the will of their grandfather, Charles O. Tichenor, Sr., or under the will of their father, Isaac N. Tichenor.

7. If it is held that petitioners acquired the property under the terms of the will of their grandfather, Charles O. Tichenor, Sr., the Board may find the following deficiencies to be due for the year 1931:

| | |
|---|---|
| Charles O. Tichenor | $978.21 |
| Ada L. Hesbacher | 1,066.78 |
| Arthur H. Tichenor | 1,159.17 |

If it is held that petitioners acquired the property under the will of their father, the Board may find there are no deficiencies due from, or overpayments due to the petitioners for the year 1931.

Exhibit A, the will and codicil of petitioners' grandfather, contains in addition to the provisions hereinafter quoted a residuary clause in the following form:

All my other property both real and personal, shall be divided equally between my wife, Celeste Tichenor and my son Isaac N. Tichenor.

Exhibit B, the will of petitioners' father, contains the following provision:

Item Second. I give, devise and bequeath unto my children to-wit: Arthur H. Tichenor, Ada L. Hesbacher and Charles O. Tichenor all my real estate situated in the City of Newark in the State of New Jersey to be theirs absolutely in equal proportions, share and share alike.

The parties have stipulated that if petitioners took the property in question under their grandfather's will there is a deficiency, whereas

if taken under their father's will there is none. The question thus confines itself to a construction of the grandfather's will and particularly of the provisions thereof reading as follows:

I give and bequeath to my son, Isaac N. Tichenor, all the remaining part of said property on the corner of Pennington Street and Mulberry Street, in the City of Newark and State of New Jersey, not heretofore bequeathed to my daughter, Emma C. Tichenor. But the said Isaac N. Tichenor shall have no power to sell the same during his natural life. This bequest to my son, Isaac N. Tichenor, shall include all additional improvements that I may make upon said property bequeathed to my son Isaac N. Tichenor, not to exceed Three Thousand Dollars in value.

The above bequest of the property in the City of Newark and State of New Jersey to Emma C. Tichenor and Isaac N. Tichenor shall be subject to this condition, to-wit: that my wife, Celeste Tichenor shall be entitled to one-third of the net income of said property during her natural life.

To these provisions there must be added for consideration the following quotation from a codicil executed some years later:

2nd. The real estate in the City of Newark and State of New Jersey heretofore devised to my son, Isaac N. Tichenor, I do now give and devise to said Isaac N. Tichenor without regard to the improvements I have heretofore made or may hereafter make on said property.

3rd. I further direct that in case Isaac N. Tichenor shall die without a child or children or shall die leaving a child or children but such child or children shall die before reaching the age of 21 years, then in either case said real estate situated in said City of Newark, devised to said Isaac N. Tichenor, shall revert to the heirs of said testator, Charles O. Tichenor, Sr., and not to the wife of said Isaac N. Tichenor or her heirs, except when said heirs of said wife shall be the children of said Isaac N. Tichenor.

Although the grandfather died a resident of the State of Iowa, where his will was probated, there seems to be no disagreement between the parties that the law to be applied is that of the State of New Jersey, where the property was situated. See *De Vaughn* v. *Hutchinson*, 165 U. S. 566, 570. To sustain respondent's position it is necessary to conclude that, under the law of New Jersey, first, the testator's son, petitioners' father, took only a life estate in the property; second, the remainder was expressly or by necessary implication disposed of by the original will and not merely included in the residuary clause; third, such disposal did not take the form of a power of appointment in the life tenant; fourth, the remainder was devised, if not expressly, at least by implication to the life tenant's children, the petitioners here; and, fifth, the estate so created constituted a vested and not a contingent remainder.

For convenience of discussion we may first examine the fourth contention, namely, that a remainder was by implication devised to these petitioners. Under the New Jersey authorities a gift by implication will arise only where it results from a necessary and impelling inference. *Bishop* v. *McClelland's Executors*, 44 N. J. Eq.

450; 16 Atl. 1; *City Bank Farmers' Trust Co.* v. *Hentz*, 107 N. J. Eq. 283; 152 Atl. 331, 335. It is resorted to to avoid intestacy, *Denise's Executors* v. *Denise*, 37 N. J. Eq. 163, or to prevent devolution to one obviously intended to be excluded. *Barnard* v. *Barlow*, 50 N. J. Eq. 131; 24 Atl. 912, 914. From this follows the general rule in cases of this character concisely stated in 51 L. R. A. (N. S.) 517, as follows:

Taking the cases as a whole it may be said of them that wherever it is possible to construe the gift so as to give the parent an absolute interest, the courts will do so, rather than imply a gift to descendants; but that where the interest taken by the parent is expressly, or by necessary construction, limited to an estate for life, they will be astute to imply a gift of the remainder to his descendants.

Thus where the provisions of the will were such that no estate in fee could have been conferred upon the testator's son and daughters, a gift of the remainder by implication to their descendants arose. *Kendall* v. *Kendall*, 36 N. J. Eq. 91. See also *Denise's Executors* v. *Denise, supra.* On the other hand, in a case very similar to the present, where the words were that the estate

\* \* \* be divided among all my children, each to have an equal share thereof \* \* \*. Should any of my said children, son or daughter, die without leaving lawful issue him or her surviving, then the share of the surviving son in such decedent's portion of my estate so held by my executors shall be paid said son or his heirs or legal representatives,

it was held to be unnecessary to create a gift of the remainder by implication, since the will could be so construed as to give each son an estate in fee. The court said:

\* \* \* The precise point raised on behalf of Henry's children is that they take an estate by implication arising out of the words, "should any of my children die without leaving lawful issue," etc. The argument is that, as testator had not in terms provided for the care of children dying leaving issue, and has only given the estate over in case they die without leaving issue, he must have intended the issue to take if he left any, and consequently he must be assumed to have given it to the issue. It is difficult to put this contention in plausible form, as applied to a cause like the present; for we at once ask ourselves, why imply an estate in the issue of the son, when, in express words, we find it given to the son himself?

The case of *Denise's Executors* v. *Denise, supra,* is distinguished in the following language:

The will [here] gave Henry Howell an estate absolute and indefeasible, except on a contingency, which has not happened, and consequently the only ground upon which the vice chancellor rested his decision [in *Denise's Executors* v. *Denise*], viz., the supposed necessity of averting intestacy as to a portion of the estate is here wanting. \* \* \*. Under the law as it was before the enactment above mentioned, testator would have died intestate as to their shares of the residue unless a gift by implication had been raised in their issue, and it was this consequence which it was thus sought to avert.

The words of Turner, L. J., in *Dowling* v. *Dowling*, L. R. 1, ch. 612, are quoted with approval:

Surely, the mere fact of a testator giving over property in case there are no children does not furnish any presumption on which this court can act in favor of his giving it to the children if there are any, as against their parents. The testator might well suppose that they will be provided for from other sources, or that the parent would himself be able by means of the gift to provide for them.

*Howell* v. *Gifford*, 64 N. J. Eq. 180; 53 Atl. 1074, 1076, 1077. See also *Den ex dem. Emans* v. *Emans*, 3 N. J. Law, 967. A further distinction from *Denise's Executors* v. *Denise*, *supra*, could be demonstrated here. There the primary devisee had predeceased the testator. Had that not been so, and it is not so here, it seems the court would have reached the opposite conclusion, for the opinion states (p. 169) : "There can be no doubt, according to the rule held in this state, that, under a bequest expressed in this form, the legatees take absolutely if they survive to the time of distribution * * *."

Cases where the original estate is expressly restricted to a life interest thus "should be carefully distinguished from situations where the first taker is held to take an absolute gift or a fee tail. If the limitations are to A, and, if he die without children, then to B, A would normally be held to take an absolute interest subject to an executory devise to B." 2 Simes *Law of Future Interests* 258.

The necessity of raising an estate by implication in these petitioners therefore depends upon whether the estate devised to their father was limited for his life. The words used in the will are, at common law, *Den ex dem. Wardell* v. *Allaire*, 20 N. J. Law, 6, 23, and by New Jersey Statute,[1] apt to devise a fee. *Feit* v. *Richard*, 64 N. J. Eq. 16; 53 Atl. 824. Neither the restriction on alienation, *Feit* v. *Richard*, *supra*, nor the executory devise over, *Den ex dem. Wardell* v. *Allaire*, *supra*, pp. 8, 24, can be said to give any indication of the testator's desire to grant a lesser estate. In *Morris* v. *Le Bel*, 71 N. J. Eq. 43 ; 63 Atl. 501, where the testator was held to have devised only a life estate, the restriction on alienation was coupled with an express power of disposition by will. As the court pointed out, such a provision would have been completely superfluous had the testator intended to devise a fee. Here not only is there no similar reference to any express power of appointment, but it may be noted that if a power of appointment were to be implied and the petitioners thus acquired their interest by the appointment exercised in their father's will, the property would still be subject to valuation as of that date rather than as of the original decedent's death. See G. C. M. 7373, IX–1 C. B. 132; Revenue Act of 1928, sec. 113 (a) (4).

The least forced and most reasonable construction and the one that would appear to be the closest to the testator's actual intent is

[1] Statute of Wills (1784), sec. 36 ; 4 Comp. Stat. 1910, p. 5873, sec. 36.

consequently to construe the estate as a fee, vested but subject to be divested by the death of the devisee without children surviving to majority. *Steward* v. *Knight*, 62 N. J. Eq. 232; 49 Atl. 535. We have been referred to no authority in the State of New Jersey reaching a contrary result where the facts are comparable to those here present, and the weight of authority appears to be in accord. To quote again from 51 L. R. A. (N. S.), at pages 493, 494:

> But where the gift to the primary devisee is in general terms which, by virtue of statute, will be presumed to carry the fee in the absence of an expression of a contrary intention, * * * the preponderance of opinion [is] that no gift of a remainder is in such a case ordinarily to be implied.

It is thus unnecessary to consider whether a remainder, if there were one, would be vested or contingent. It is, however, only where the remainder is vested, *Twining* v. *Commissioner* (C. C. A., 2d Cir.), 83 Fed. (2d) 954, and not where it is contingent, *Lane* v. *Corbin* (C. C. A., 2d Cir.), 63 Fed. (2d) 767, that the property can be said to have been "acquired" as of the date of the testator's death within the meaning of section 113 of the Revenue Act of 1928. *Harry C. Kayser*, 27 B. T. A. 816. And it may well be doubted that under the language of this will any remainder in the children could have been said to have vested at the testator's death, since some of them were not then in being, and it was many years thereafter before any of them reached the age of 21. See *Den ex dem. Emans* v. *Emans, supra.*

In any event the conclusion that the property passed to the father of these petitioners in fee sufficiently disposes of the present issue and under the stipulation requires that petitioners prevail.

*Decision will be entered for the petitioners.*